OPINION
{¶ 1} Appellant Montgomery County Children Services appeals from an order of the trial court granting a third extension of temporary custody of D.J., a minor, to the agency. The agency, which sought an award of permanent custody, contends that the trial court abused its discretion and violated R.C. 2151.415(D) by extending temporary custody. The agency further contends that it established that an award of permanent custody to the agency was in the child's best interests, so that the trial court erred by denying the agency's request for permanent custody.
 {¶ 2} We conclude that the trial court did err by extending temporary custody. We also conclude that it is not apparent from the record whether the trial court actually considered the statutory criteria for granting permanent custody. Therefore, we cannot say, at this juncture, whether the trial court erred with regard to the denial of permanent custody. Given that the trial court's order extending temporary custody must be reversed, we will also remand the issue of permanent custody to the trial court for further proceedings.
 {¶ 3} The order of the trial court granting a third extension of temporary custody is Reversed, and this cause is Remanded for further proceedings.
 I {¶ 4} In 2003, D.F. was a seventeen-year-old minor living with a foster family under the custody of the Montgomery County Children Services ("MCCS"). In November of that year, she gave birth to D.J. Thereafter, in February, 2004, MCCS filed a complaint alleging that D.J. was a dependent child. The complaint alleged that D.F. had "insufficient resources, parenting skills, and family support to care for the child on her own."
 {¶ 5} In March, 2004, the trial court issued an order adjudicating D.J. to be a dependent. MCCS was awarded temporary custody of the child, who was placed with D.F. in foster care. A case plan was filed requiring D.F. to complete high school, seek employment, provide care, including feeding and bathing the child, and take parenting classes.
 {¶ 6} In September, 2004, MCCS filed a motion for an extension of temporary custody. At that time, MCCS indicated that D.F. was progressing with her case plan, but that she had not completed all of the requirements set forth in the case plan. By order dated January 6, 2005, the trial court granted the extension. Thereafter, in February, 2005, MCCS filed a motion seeking a second extension of temporary custody of D.J. In the motion, MCCS indicated that D.F. had not completed her case plan objectives and had not been in contact with MCCS. The motion was granted by order dated May 2, 2005. The order noted that temporary custody would expire on October 18, 2005.
 {¶ 7} In August, 2005, MCCS filed a motion seeking permanent custody of D.J. In support, the agency stated that D.F., who left foster care upon turning eighteen, had failed to complete her case plan, and had maintained only limited contact with D.J. A hearing on the motion was held in December, 2005, following which the magistrate denied the agency's request for permanent custody, but instead extended the period of temporary custody, with an expiration date of June 12, 2006.
 {¶ 8} MCCS filed objections to the magistrate's decision, which the trial court overruled. MCCS appeals from the order of the trial court denying permanent custody but extending temporary custody.
 II {¶ 9} The First Assignment of Error is as follows:
 {¶ 10} "THE TRIAL COURT ERRED IN OVERRULING THE OBJECTIONS OF MCCS TO THE MAGISTRATE'S DECISION BECAUSE THE MAGISTRATE VIOLATED R.C.2151.415(D) IN ORDERING A THIRD EXTENSION OF TEMPORARY CUSTODY TO MCCS."
 {¶ 11} MCCS contends that the trial court did not have authority to order a third extension of temporary custody.
 {¶ 12} We note that the trial court, in extending temporary custody, appears to have relied upon the holding in In re: N.B., Cuyahoga App. No. 81392, 2003-Ohio-3656, wherein the Eighth District Court of Appeals upheld a trial court's order denying an agency's motion for permanent custody and extending temporary custody, despite the fact that the child had been in temporary custody for more than two years. In doing so, the court noted that to hold otherwise would enable children's services agencies to obtain permanent custody of a child "by default, regardless of whether it met its burden of proving that permanent custody was in the child's best interests."
 {¶ 13} We decline to follow the holding of the Eighth District. R.C.2151.353(F) provides that a children services agency may take temporary custody of a dependent child for a period of one year unless an extension of that custody is granted. R.C. 2151.415(D)(1) permits a trial court to grant an extension of temporary custody of up to six months. However, R.C. 2151.415(D)(4) states that "no court shall grant an agency more than two extensions of temporary custody * * *." "It is axiomatic that when it is used in a statute, the word 'shall' denotes that compliance with the commands of that statute is mandatory."Department of Liquor Control v. Sons of Italy Lodge 0917 (1992),65 Ohio St.3d 532, 534. Thus, we conclude that the statute clearly limits a grant of temporary custody to a period of two years — an initial period of one year, followed by up to two extensions of six months each.
 {¶ 14} When interpreting a statute, a court must look at the intent of the legislature, which may be found in the words used in the statute.In re A.B., 110 Ohio St. 3d 230, 2006-Ohio-4359, ¶ 31. If the words are not ambiguous, no interpretation is required. Id. Instead, we must "give meaning and effect to the plain language [of statutes] as set forth by the General Assembly." Id. at ¶ 33, citing R.C. 1.42.
 {¶ 15} R.C. 2151.353 and 2151.415 are not ambiguous and there is no need for this court to attempt to divine the legislature's intent in the service of interpreting the statute.[1] We conclude that temporary custody of children in the care of a children's services agency is limited to a period of two years, and that the trial court did not have the authority to grant a third extension of temporary custody.
 {¶ 16} The First Assignment of Error is sustained.
 III {¶ 17} The Second Assignment of Error is as follows:
 {¶ 18} "THE TRIAL COURT ABUSED ITS DISCRETION IN OVERRULING THE OBJECTIONS OF MCCS TO THE MAGISTRATE'S DECISION BECAUSE MCCS ESTABLISHED, BY CLEAR AND CONVINCING EVIDENCE, THAT THE CHILD WOULD NOT BE ABLE TO BE REUNIFIED WITH MOTHER IN A REASONABLE PERIOD OF TIME AND THAT A GRANT OF PERMANENT CUSTODY TO THE AGENCY WAS IN THE CHILD'S BEST INTERESTS."
 {¶ 19} MCCS contends that the trial court erred in denying its motion for permanent custody, because a determination that an award of permanent custody to MCCS is not in the child's best interest is against the manifest weight of the evidence. We conclude that it is premature to determine whether the trial court's decision is against the manifest weight of the evidence, because it is not clear whether, and to what extent, the trial court addressed the statutory criteria for a grant of permanent custody. The trial court did note that it was "in the best interests of the child to deny" the motion for permanent custody, because the child's mother had made "substantial progress" on her case plan objectives and that reunification was "still a possibility." However, the trial court's decision appears to be based solely upon the fact that the mother had, herself, been in foster care at the time D.J. was taken into custody by the agency — a fact that led the trial court to conclude that the mother needed, and was entitled to, "additional time to demonstrate her ability to provide for the basic needs of the child." In other words, the decision was based more upon fairness to the mother than upon the best interest of the child.
 {¶ 20} We cannot determine whether the trial court erred in regard to the issue of permanent custody because we cannot determine whether the trial court actually reached the issue of the best interest of the child. In any event, given our disposition of the First Assignment of Error, in Part II, above, this cause will be remanded to the trial court for further disposition, at which time MCCS is free to raise the issue of permanent custody again. We do not intend to imply that a grant of permanent custody is warranted, nor that some other disposition will be in the child's best interest.[2] The best interest of a child is a dynamic factual issue; we recognize that the evidence on this issue on remand may differ substantially from the evidence adduced at the hearing leading to the order from which this appeal is taken.
 {¶ 21} The Second Assignment of Error is overruled.
 IV {¶ 22} The First Assignment of Error having been sustained, the order of the trial court awarding a third extension of temporary custody is Reversed, and this cause is Remanded for further proceedings consistent with this opinion.
[1] Were we to attempt to divine the legislature's intent, we would not find it difficult. It appears that the General Assembly intends to avoid a child being kept in custodial limbo for more than two years.
[2] At the oral argument of this appeal, counsel for MCCS, recognized the potential dilemma resulting from a determination that the trial court cannot lawfully extend temporary custody for a third time, if the trial court should find: (1) that an award of permanent custody to MCCS is not warranted (perhaps because of failure to have made reasonable efforts toward reunification); and (2) return of the child to the parent is not in the child's best interest. Counsel suggested the possibility of returning the child to the mother subject to protective supervision, pursuant to R.C.