IN RE C.T.; STOLL, GDN. AD LITEM, APPELLANT; CRAWFORD COUNTY DEPARTMENT OF JOB & FAMILY SERVICES ET AL., APPELLEES.

[Cite as *In re C.T.*, 119 Ohio St.3d 494, 2008-Ohio-4570.]

(No. 2008–0073—Submitted June 24, 2008—Decided September 17, 2008.)

**Lundberg Stratton, J.**

{¶ 1} The issue before us is whether a guardian ad litem has statutory authority in a child welfare action to file and prosecute a motion for permanent custody. For the reasons that follow, we hold that a guardian ad litem has authority under R.C. 2151.281(I) and 2151.415(F) to file and prosecute a motion to terminate parental rights and award permanent custody to a public children services agency.

## Procedural History

{¶ 2} Appellee Crawford County Department of Job and Family Services ("DJFS") removed two-month-old C.T. from the custody of his mother, appellee Naomi Agapay, on January 7, 2006, because a sibling of C.T.'s had been physically abused. The Crawford County Court of Common Pleas awarded temporary custody of C.T. to the DJFS on January 9, 2006, and appointed appellant, Geoffrey L. Stoll, as the child's guardian ad litem. C.T. was placed in foster care.

{¶ 3} On March 20, 2006, the court adjudicated C.T. a dependent child and one month later adopted the DJFS's case plan to address safety issues. Agapay filed a motion to modify the dispositional order and to return C.T. to her custody. DJFS moved to extend the period of temporary custody. On January 17, 2007, following a hearing, the court denied Agapay's motion and extended temporary custody for an additional six months.

{¶ 4} On January 23, 2007, Stoll filed a motion requesting that the court grant permanent custody of C.T. to the DJFS. Neither the DJFS nor Agapay filed a memorandum opposing Stoll's motion. Following a hearing, the court terminated the parental rights of Naomi Agapay and committed C.T. to the permanent custody of the DJFS on June 28, 2007.

{¶ 5} The court of appeals reversed the judgment of the trial court and remanded the matter on the basis that Stoll lacked standing to file a motion for permanent custody. The cause is before this court upon our acceptance of a discretionary appeal.

## Analysis

{¶ 6} In a child abuse, neglect, or dependency case, the court must appoint a guardian ad litem to protect the interests of the child. R.C. 2151.281(B)(1). The guardian ad litem is required to "perform whatever functions are necessary to protect the best interest of the child * * * and shall file any motions and other court papers that are in the best interest of the child." R.C. 2151.281(I).

{¶ 7} Stoll relies on R.C. 2151.281(I) and 2151.415(F) as authority for a guardian ad litem to file a motion for permanent custody. Appellee DJFS filed a brief that agreed with Stoll's analysis. Both Stoll and DJFS presented the same position at oral argument. They contend that a guardian ad litem is authorized to file a motion for permanent custody because R.C. 2151.281(I) authorizes the guardian ad litem to file any motion that is in the best interest of the child, and R.C. 2151.415(F) authorizes the court to hear a guardian ad litem's motion for a final disposition, including termination of parental rights. R.C. 2151.415(F) provides:

{¶ 8} "The court, on its own motion or the motion of the agency or person with legal custody of the child, the child's guardian ad litem, or any other party to the action, may conduct a hearing with notice to all parties to determine whether any order issued pursuant to this section should be modified or terminated or whether any other dispositional order set forth in divisions (A)(1) to (5) of this section should be issued. After the hearing and consideration of all the evidence presented, the court, in accordance with the best interest of the child, may modify or terminate any order issued pursuant to this section or issue any dispositional order set forth in divisions (A)(1) to (5) of this section."

{¶ 9} The dispositional orders available in divisions (A)(1) to (5) of R.C. 2151.415 include the following: (1) an order that returns the child to the child's parents or guardian, (2) an order for protective supervision, (3) an order placing the child in the legal custody of a relative or other interested person, (4) an order permanently terminating the parental rights of the child's parents, and (5) an order placing the child in a planned, permanent living arrangement. Once a motion is filed for a disposition under R.C. 2151.415(A), subsection (B) requires the court to hold a hearing, giving notice to all parties. Based upon the evidence presented at the hearing, the court must issue an order that is in the best interest of the child, and if the court issues an order for permanent custody, the order "shall be made in accordance with sections 2151.413 and 2151.414 of the Revised Code." R.C. 2151.415(B).

{¶ 10} R.C. 2151.413 and 2151.414 address motions for permanent custody filed by a public children services agency or a private child placing agency. R.C. 2151.413 sets forth when a public or private agency may or must file a motion for permanent custody of a child, and R.C. 2151.414 sets forth the procedures the court must follow. *In re C.F.*, 113 Ohio St.3d 73, 2007-Ohio-1104, 862 N.E.2d 816, ¶ 22; *In re C.W.*, 104 Ohio St.3d 163, 2004-Ohio-6411, 818 N.E.2d 1176, ¶ 9.

{¶ 11} The appellate court concluded that only a public children services agency or private child placing agency may seek permanent custody under R.C. 2151.413 and 2151.414, and a guardian ad litem has no authority to file a motion for permanent custody. Thus, the court held that Stoll lacked standing. In her brief, Agapay agrees with the court of appeals, although she did not appear at oral argument to present this position.

{¶ 12} Because R.C. 2151.415(B) requires a court to issue an order for permanent custody in accordance with R.C. 2151.413 and 2151.414—sections that apply to an agency—we must determine whether these sections preclude a guardian ad litem from filing a motion for permanent custody, or whether R.C. 2151.281(I) and 2151.415(F) provide independent statutory authority to the guardian ad litem. When reviewing statutes, we must give meaning and effect to the plain meaning of the language as written by the General Assembly. R.C. 1.42; *In re A.B.*, 110 Ohio St.3d 230, 2006-Ohio-4359, 852 N.E.2d 1187, ¶ 33. And we are directed by R.C. 2151.01 to liberally construe the sections in R.C. Chapter 2151 toward the following purposes: "To provide for the care, protection, and mental and physical development of children subject to Chapter 2151. of the Revised Code, whenever possible, in a family environment * * * [and] [t]o provide judicial procedures through which Chapters 2151. and 2152. of the Revised Code are executed and enforced, and in which the parties are assured of a fair hearing, and their constitutional and other legal rights are recognized and enforced." Moreover, the statutes in R.C. Chapter 2151 must be construed in pari materia. *In re C.W.*, 104 Ohio St.3d 163, 2004-Ohio-6411, 818 N.E.2d 1176, ¶ 7.

{¶ 13} A public children services agency is responsible for investigating allegations of child abuse, neglect, and dependency. R.C. 5153.16(A)(1). Because a public children services agency is, in most cases, prosecuting the case, the statutory scheme focuses on the agency. The agency assumes temporary custody of the child during the proceedings and will assume permanent custody of the child should parental rights be terminated. R.C. 5153.16(A)(3). Therefore, R.C. 2151.413 dictates when the agency may or must file for permanent custody,[1] and

---

1. For example, an agency may file for permanent custody of the child if no relative is able to take legal custody. R.C. 2141.413(B). The agency must file if the child has been in temporary custody for 12 or more months of a consecutive 22-month period. R.C. 2151.413(D)(1).

R.C. 2151.414 establishes the proceedings the court must follow before granting the motion. *In re C.W.*, 104 Ohio St.3d 163, 2004-Ohio-6411, 818 N.E.2d 1176, ¶ 8 and 9. These procedures are safeguards intended to balance the fundamental rights of the parent with the state's authority to intervene to protect abused and neglected children. See *In re C.F.*, 113 Ohio St.3d 73, 2007-Ohio-1104, 862 N.E.2d 816, ¶ 28. However, there is no language in R.C. 2151.413 or 2151.414 that restricts the right to file a motion for permanent custody to the public agency.

{¶ 14} The role of the guardian ad litem, on the other hand, is to protect the interests of the child. R.C. 2151.281(B)(1). The guardian ad litem must "faithfully" discharge that duty. R.C. 2151.281(A) and (D). A guardian ad litem is given wide latitude to carry out his or her responsibilities on behalf of the child and may file *any* motion necessary to protect the best interests of the child. R.C. 2151.281(I). In addition, R.C. 2151.415(F) specifically authorizes the guardian ad litem to file a motion for any dispositional order set forth in R.C. 2151.415(A), including (A)(4), an order to terminate parental rights. Such an order is equivalent to an order for permanent custody because once the court orders parental rights terminated, permanent custody of the child vests in the public children services agency.

{¶ 15} The appellate court below previously acknowledged a guardian ad litem's standing to file a motion for permanent custody in *In re Olmsted* (Nov. 27, 2001), 3rd Dist. No. 5–01–24, 2001 WL 1504242. In that case, the guardian ad litem filed a motion for permanent custody following a period of temporary custody, but the agency filed a motion to transfer custody to a relative of the child. The trial court held that the guardian ad litem lacked the authority to file a motion for permanent custody. The court granted the agency's motion.

{¶ 16} On appeal, the guardian ad litem argued that the court erred when it did not permit her to argue and present evidence in support of the motion for permanent custody. The *Olmsted* court recognized that the guardian ad litem had standing to file a motion for permanent custody. However, the court concluded that, under the circumstances of that case, the trial court properly exercised its discretion to refuse to allow the guardian ad litem to present evidence when the agency had advocated a less drastic placement. Therefore, the *Olmsted* court affirmed.

{¶ 17} In this case, however, the appellate court referred to its stance on standing in *Olmsted* as dicta and refused to follow it. However, *Olmsted* clearly acknowledged that a guardian ad litem has the statutory authority to file permanent custody motions. This is consistent with the holdings of other Ohio appellate districts that have also recognized the statutory authority of a guardian ad litem to file a motion for permanent custody. *In re Brian L.* (Feb. 25, 2000),

6th Dist. No. WD–99–038, 2000 WL 216619 (a neglected child's guardian ad litem may petition the trial court to modify an existing dispositional order and to issue a permanent custody order); *In re Shepherd* (Sept. 29, 1999), 4th Dist. No. 99CA04, 1999 WL 809760 (a child's legal custodians may file for a termination of parental rights and permanent custody would vest with a public or a private child-placement agency); *In re Bennett* (Nov. 15, 1995), 1st Dist. No. C950035, 1995 WL 675968 (a court has jurisdiction to hear the motion of a guardian ad litem to terminate parental rights).

## Conclusion

{¶ 18} R.C. 2151.413 and 2151.414 provide when and how a court may order permanent custody in a child welfare case. Although those statutes refer to motions filed by a public children services agency or a private child placing agency, there is no language that mandates that only an agency may file for permanent custody. R.C. 2151.281(I) and 2151.415(F), construed in pari materia, do provide independent statutory authority for a guardian ad litem to file a motion to terminate parental rights and to grant permanent custody.

{¶ 19} Therefore, we hold that a guardian ad litem has authority under R.C. 2151.281(I) and 2151.415(F) to file and prosecute a motion to terminate parental rights and award permanent custody in a child welfare case. We reverse the judgment of the court of appeals and remand to the appellate court for further proceedings consistent with the decision.

*Judgment reversed*
*and cause remanded.*

MOYER, C.J., and PFEIFER, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

———————

Starkey & Stoll, Ltd., and Geoffrey L. Stoll, for appellant.

Michael J. Wiener, Assistant Prosecuting Attorney, for appellee Crawford County Department of Job and Family Services.

Leuthold Law Office, L.L.C., and Shane M. Leuthold, for appellee Naomi Agapay.