[Cite as *In re Z.D.*, 2012-Ohio-3658.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


IN THE MATTER OF:

|  | JUDGES: |
|---|---|
|  | Hon. William B. Hoffman, P. J. |
|  | Hon. Sheila G. Farmer, J. |
|  | Hon. John W. Wise, J. |

Z.D.                                          Case No. 12 CA 29


DEPENDENT CHILD                    O P I N I O N


CHARACTER OF PROCEEDING:        Civil Appeal from the Court of
                                Common Pleas, Juvenile Division,
                                Case No.  10 DEP 181


JUDGMENT:                       Affirmed


DATE OF JUDGMENT ENTRY:         August 14, 2012


APPEARANCES:

For Appellant Father                For Appellee

JOHN C. O'DONNELL                   EDITH A. GILLILAND
13 Park Avenue West                 RICHLAND CTY. CHILDREN SERVICES
Mansfield, Ohio  44902              731 Scholl Road
                                    Mansfield, Ohio  44907
For CASA

RANDALL E. FRY
20 West Newlon Place
Mansfield, Ohio  44902

*Wise, J.*

{¶1} Appellant Christopher Brown appeals the decision of the Court of Common Pleas, Richland County, which granted permanent custody of his daughter to Appellee Richland County Children Services ("RCCS"). The relevant facts leading to this appeal are as follows.

{¶2} The child at the center of this case is Z.D., born to Nicole Davis and Christopher Brown in December 2009. At birth, Z.D. tested positive for THC in her system. Nicole voluntarily placed Z.D. with relatives upon the baby's release from the hospital, and, in May 2010, voluntarily placed her with a cousin, Ashanti Ginn. The child has been in the immediate care of Ms. Ginn since that time. Ginn is thirty-one years old, holds a master's degree, and is employed as a social worker with the Salvation Army. She has also obtained her "foster-to-adopt" certification. *See* Tr. at 75, 165, 227.

{¶3} On July 30, 2010, RCCS filed a complaint in the trial court alleging that Z.D. was a dependent and/or abused child. Following an adjudicatory hearing, the trial court found Z.D. to be dependent and awarded temporary custody of the child to Ashanti Ginn, with protective supervision granted to RCCS.

{¶4} On June 17, 2011, RCCS filed a dispositional motion asking that legal custody be awarded to Ms. Ginn. However, on July 25, 2011, the CASA/Guardian Ad Litem, Sharon Pace, filed a dispositional motion seeking permanent custody to RCCS, even though the agency maintained its position before the trial court that legal custody should be awarded to Ginn.[1]  *See, e.g.,* Tr. at 274-275.

---

[1]  The prosecution of a GAL-initiated permanent custody motion contrary to a children services agency's dispositional plan is, in this Court's memory, an unusual procedural scenario. However, the Ohio Supreme Court, in *In re C.T.,* 119 Ohio St.3d 494, 2008–

{¶5} An evidentiary hearing on the permanent custody motion was conducted on December 2, 2011. On December 29, 2011, the magistrate issued a decision awarding permanent custody of Z.D. to RCCS, which will presumably lead to a future adoption by Ashanti Ginn. Each parent thereafter filed objections to the decision, which the trial court denied on March 30, 2012.

{¶6} Appellant Brown filed a notice of appeal on April 11, 2012. He herein raises the following three Assignments of Error:

{¶7} "I.    [THE] TRIAL COURT COMMITTED PREJUDICIAL ERROR BY FAILING TO GRANT [A] CONTINUANCE OF THE PERMANENT CUSTODY HEARING.

{¶8} "II.    [THE] TRIAL COURT'S CONCLUSION THAT PERMANENT CUSTODY WAS WARRANTED IS NOT SUPPORTED BY CLEAR AND CONVINCING EVIDENCE.

{¶9} "III.    [THE] TRIAL COURT COMMITTED PREJUDICIAL ERROR BY FAILING TO GRANT THE MOTION OF CHILDREN SERVICES FOR LEGAL CUSTODY [TO ASHANTI GINN]."

---

Ohio–4570, syllabus, held that "[a] guardian ad litem has authority under R.C. 2151.281(I) and 2151.415(F) to file and prosecute a motion to terminate parental rights and award permanent custody in a child welfare case." We note that in a concurring opinion in *In re: A.T.*, Wayne App.No. 11CA0024, 2011-Ohio-5222, ¶ 37, Judge Carr of the Ninth District Court of Appeals stated she was "troubled by a procedure that allows a party to attempt to compel CSB to assume permanent custody of a child." In the case sub judice, we likewise express some concern that in this scenario, under the present law in Ohio, RCCS has effectively been forced to advocate on appeal in support of a permanent custody disposition it did not originally seek.

I.

{¶10} In his First Assignment of Error, appellant contends the trial court committed reversible error in denying his motion to continue the permanent custody hearing. We disagree.

{¶11} A litigant does not have a right to unreasonably delay a trial. *See Hartt v. Munobe* (1993), 67 Ohio St.3d 3, 9, 1993–Ohio–177. The grant or denial of a continuance is a matter entrusted to the broad, sound discretion of the trial court. *Polaris Ventures IV, Ltd. v. Silverman,* Delaware App.No.2005 CAE 11 0080, 2006–Ohio–4138, ¶ 14, citing *State v. Unger* (1981), 67 Ohio St.2d 65, 423 N.E.2d 1078. In order to find an abuse of discretion, we must find the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.

{¶12} In determining whether a trial court abused its discretion in denying a motion for a continuance, an appellate court should consider the following factors: (1) the length of the delay requested; (2) whether other continuances have been requested and received; (3) the inconveniences to witnesses, opposing counsel and the court; (4) whether there is a legitimate reason for the continuance; (5) whether the defendant contributed to the circumstances giving rise to the need for the continuance; and other relevant factors, depending on the unique facts of each case. *In re P.T.*, Stark App.No. 2011CA00200, 2012-Ohio-1287, ¶ 17, citing *Unger* at 67–68, 423 N.E.2d 1078; *State v. Holmes* (1987), 36 Ohio App.3d 44, 47–48, 521 N.E.2d 479.

{¶13} In support of his claim, appellant notes that he is incarcerated for an unspecified "extended period of time" and that the mother, Nicole Davis, allegedly did

not attend the permanent custody hearing because of a death in her family. Appellant's Brief at 4. According to Ms. Ginn's testimony, appellant is serving an eighteen-to-life sentence for murder. Tr. at 166. Appellant provides no further details regarding either of these stated reasons for the parents' non-attendance, although the record indicates that appellant and Nicole each had trial counsel present. Clearly, " *** lengthy delays were not within the intent of the legislature when it shortened the permanent custody time frames [under R.C. 2151.414]." *In re: K.G.*, Wayne App.Nos. 03CA0066, 03CA0067, 03CA0068, 2004-Ohio-1421, ¶ 23. Upon review of the record in light of the guidelines set forth in *Unger*, *supra*, we find no abuse of discretion in the trial court's denial of appellant's request to continue the permanent custody hearing.

{¶14} Appellant's First Assignment of Error is overruled.

II.

{¶15} In his Second Assignment of Error, appellant maintains the grant of permanent custody to RCCS was not supported by the evidence. We disagree.

{¶16} As an appellate court, we are not fact finders; we neither weigh the evidence nor judge the credibility of witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base his or her judgment. *Cross Truck v. Jeffries* (Feb. 10, 1982), Stark App.No. CA–5758. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. *C.E. Morris Co. v. Foley Construction* (1978), 54 Ohio St.2d 279, 376 N.E.2d 578. Furthermore, it is well-established that the trial court is in the best position to determine the credibility of witnesses. *See, e.g., In re Brown,* Summit

App.No. 21004, 2002–Ohio–3405, ¶ 9, citing *State v. DeHass* (1967), 10 Ohio St .2d 230, 227 N.E.2d 212.

{¶17} R.C. 2151.414(B)(1) reads as follows: "Except as provided in division (B)(2) of this section, the court may grant permanent custody of a child to a movant if the court determines at the hearing held pursuant to division (A) of this section, by clear and convincing evidence, that it is in the best interest of the child to grant permanent custody of the child to the agency that filed the motion for permanent custody and that any of the following apply:

{¶18} "(a) The child is not abandoned or orphaned, has not been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period, * * * and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents.

{¶19} "(b) The child is abandoned.

{¶20} "(c) The child is orphaned, and there are no relatives of the child who are able to take permanent custody.

{¶21} "(d) The child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period * * *."

{¶22} In determining whether a child cannot be placed with either parent within a reasonable period of time or should not be placed with the parents (see R.C. 2151.414(B)(1)(a), *supra*), a trial court is to consider the existence of one or more factors under R.C. 2151.414(E), including whether or not "[f]ollowing the placement of

the child outside the child's home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems that initially caused the child to be placed outside the home, the parent has failed continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside the child's home. In determining whether the parents have substantially remedied those conditions, the court shall consider parental utilization of medical, psychiatric, psychological, and other social and rehabilitative services and material resources that were made available to the parents for the purpose of changing parental conduct to allow them to resume and maintain parental duties." *See* R.C. 2151.414(E)(1).

**{¶23}** At the permanent custody hearing on December 2, 2011, the caseworker, Jennifer Hissom, testified that she did not have concerns about Nicole continuing a relationship with Z.D. Tr. at 65. However, Hissom noted that Nicole had maintained no contact with the child since December 2010, nearly a full year prior to the hearing. *Id.* Hissom explained that Nicole " *** stated that she um just feels that she knows that Ashanti [Ginn] is doing a very good job and, well, yes, that she doesn't want to interfere with anything." Tr. at 66-67. Thus, while RCCS did not have some of the serious concerns about the mother's habits and parenting abilities as are often seen in permanent custody cases, in this instance the trial court determined that Nicole had abandoned Z.D. (*see* R.C. 2151.414(E)(10)) and that appellant had been incarcerated throughout the duration of the case and would remain incarcerated for eighteen more years (*see* R.C. 2151.414(E)(12)). *See* Magistrate's Decision at 4.

**{¶24}** Upon review, we hold the trial court did not err in determining that Z.D. could not be placed with appellant or Nicole within a reasonable time or should not be

placed with appellant or Nicole. *See* R.C. 2151.414(B)(1)(a). Furthermore, the trial court could have properly relied on the factor of abandonment under R.C. 2151.414(B)(1)(b), based on the evidence presented. *See* R.C. 2151.011(C) (setting forth a ninety-day rule for the definition of abandonment in this context).

**{¶25}** In regard to the best interest issue, we first note it is well-established that "[t]he discretion which the juvenile court enjoys in determining whether an order of permanent custody is in the best interest of a child should be accorded the utmost respect, given the nature of the proceeding and the impact the court's determination will have on the lives of the parties concerned." *In re Mauzy Children* (Nov. 13, 2000), Stark App.No. 2000CA00244, quoting *In re Awkal* (1994), 95 Ohio App.3d 309, 316, 642 N.E.2d 424.

**{¶26}** In determining the best interest of a child for purposes of permanent custody disposition, the trial court is required to consider the factors contained in R.C. 2151.414(D). These factors are as follows:

**{¶27}** "(1) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster care givers and out-of-home providers, and any other person who may significantly affect the child;

**{¶28}** "(2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;

**{¶29}** "(3) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period * * *;

**{¶30}** "(4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;

**{¶31}** "(5) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child."

**{¶32}** Again, while the caseworker, Ms. Hissom, took the position that Nicole could maintain a relationship with Z.D. (Tr. at 67), the guardian ad litem, Sharon Pace, essentially opined against merely granting legal custody to Ms. Ginn over concerns that, in addition to appellant's long-term incarceration, Nicole's ongoing instability would be an issue without permanent custody to the agency. Pace testified that "the mother has had every opportunity to visit this child and be a parent to it, to her, and she has not done that." Tr. at 224. Pace felt that Nicole had thus "effectively abandoned" Z.D. *Id*. Thus, as the trial court recognized, Z.D. has no familiarity or relationship with appellant or Nicole for purposes of R.C. 2151.414(D)(1). Pace observed that Z.D. had bonded with Ginn and that she was thriving in that environment. Tr. at 226. Pace further stated that with a permanent custody order, Z.D. "will have a permanent mother, not one that is gonna [sic] bounce in and out of her life ***." *Id*.

**{¶33}** " *** [A] juvenile court's disposition of legal custody to a relative is different from permanent custody to a children services agency because, among other things, it does not terminate parental rights but instead leaves intact residual parental rights, privileges, and responsibilities." *In re: N.P.*, Summit App.No. 21707, 2004-Ohio-110, ¶ 23 (additional citations and internal quotations omitted). In the case sub judice, upon review of the record and the findings and conclusions therein, we conclude the trial

court's judgment granting permanent custody of Z.D. to the agency and terminating appellant's and Nicole's residual parental rights was made in the consideration of the child's best interest and did not constitute an error or an abuse of discretion under the circumstances presented.

{¶34} Appellant's Second Assignment of Error is overruled.

III.

{¶35} In his Third Assignment of Error, appellant contends the trial court's denial of the request by RCCS to grant legal custody of Z.D. to Ashanti Ginn was not supported by the evidence. We disagree.

{¶36} R.C. 2151.353(A) states in pertinent part: "If a child is adjudicated an abused, neglected, or dependent child, the court may make any of the following orders of disposition:

{¶37} " * * *

{¶38} "(3) Award legal custody of the child to either parent or to any other person who, prior to the dispositional hearing, files a motion requesting legal custody of the child or is identified as a proposed legal custodian in a complaint or motion filed prior to the dispositional hearing by any party to the proceedings. * * *."

{¶39} A juvenile court's standard of review in legal custody proceedings is by the preponderance of the evidence. *In re Nice* (2001), 141 Ohio App.3d 445, 455. Some Ohio courts have recognized that "the statutory best interest test designed for the permanent custody situation [see R.C. 2151.414(D), *supra*] may provide some 'guidance' for trial courts making legal custody decisions." *See In re A.F.,* Summit

App.No. 24317, 2009–Ohio–333, ¶ 7, citing *In re T.A.,* Summit App.No. 22954, 2006–Ohio–4468, ¶ 17.

{¶40} Furthermore, because custody issues are some of the most difficult and agonizing decisions a trial judge must make, he or she must have wide latitude in considering all the evidence and such a decision must not be reversed absent an abuse of discretion. *Davis v. Flickinger* (1997), 77 Ohio St.3d 415, 418, 674 N.E.2d 1159, citing *Miller v. Miller* (1988), 37 Ohio St.3d 71, 74, 523 N.E.2d 846. The Ohio Supreme Court has also explained: "A reviewing court should not reverse a decision simply because it holds a different opinion concerning the credibility of the witnesses and evidence submitted before the trial court. A finding of an error in law is a legitimate ground for reversal, but a difference of opinion on credibility of witnesses and evidence is not." *Seasons Coal Co. v. Cleveland* (1984), 10 Ohio St.3d 77, 81, 461 N.E.2d 1273. Likewise, "[e]very reasonable presumption must be made in favor of the judgment and the findings [of the juvenile court]. * * * If the evidence is susceptible to more than one construction, we must give it that interpretation which is consistent with the verdict and judgment, and most favorable to sustaining the [juvenile] court's verdict and judgment." *In re: MB,* Summit App.No. 21812, 2004–Ohio–2666, ¶ 6, citing *Karches v. Cincinnati* (1988), 38 Ohio St.3d 12, 526 N.E.2d 1350. It is well established that the fact finder is free to believe all, part, or none of the testimony of each witness. *State v. Caldwell* (1992), 79 Ohio App.3d 667, 679, 607 N.E.2d 1096.

{¶41} In the case sub judice, as per our analysis in the above redress of appellant's Second Assignment of Error, we hold the trial court's denial of the agency's

motion for legal custody of Z.D. to Ashanti Ginn in lieu of permanent custody to the agency was not erroneous or an abuse of discretion.

**{¶42}** Appellant's Third Assignment of Error is overruled.

**{¶43}** For the foregoing reasons, the judgment of the Court of Common Pleas, Juvenile Division, Richland County, Ohio, is hereby affirmed.

By: Wise, J.

Hoffman, P. J., and

Farmer, J., concur.

_____

_____

_____

JUDGES

JWW/d 0731

IN THE COURT OF APPEALS FOR RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

IN THE MATTER OF:              :

                                     :

                                     :

    Z.D.                            :          JUDGMENT ENTRY

                                     :

                                     :

    DEPENDENT CHILD         :          Case No. 12 CA 29

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Juvenile Division, Richland County, Ohio, is affirmed.

Costs assessed to appellant.

                                           _____

                                           _____

                                           _____

                                                 JUDGES