[Cite as *In re M.O.*, 2014-Ohio-3060.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

IN RE: M.O. and E.O., III               :

                   :            C.A. CASE NO.    25965

                   :            T.C. NO.    2009-4636
                                                  2009-4637

                   :         (Civil appeal from Common
                             Pleas    Court,   Juvenile

Division)

                   :

                   :

. . . . . . . . . .

**O P I N I O N**

Rendered on the 11th day of July, 2014.

. . . . . . . . . .

MICHELLE D. PHIPPS, Atty. Reg. No. 0069829, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
      Attorney for Plaintiff-Appellant

ELIZABETH C. SCOTT, Atty. Reg. No. 0076045, 120 W. Second Street, Suite 603, Dayton, Ohio 45402
      Attorney for Appellee Father

CHRISTY N. OAKES, Atty. Reg. No. 0081401, 2312 Far Hills Avenue, #143, Dayton, Ohio 45419
      Attorney for Appellee Mother

JENNIFER S. GETTY, Atty. Reg. No. 0074317, 46 E. Franklin Street, Centerville, Ohio 45459
      Guardian Ad Litem

. . . . . . . . . .

FROELICH, P.J.

{¶ 1} Montgomery County Children Services (MCCS) appeals from a judgment of the Montgomery County Court of Common Pleas, Juvenile Division, which denied MCCS's motion requesting that legal custody of M.O. and E.O. be granted to their paternal grandparents or, in the alternative, that legal custody be granted to Mother with protective supervision by the agency; instead, the court continued MCCS's temporary custody of the children.

{¶ 2} For the following reasons, the judgment of the trial court will be reversed, and the matter will be remanded for further consideration.

{¶ 3} The two children, currently ages 10 and 8, were adjudicated dependent in July 2009. From September 2009 until August 2010, legal custody of the children was returned to Mother, with protective supervision by MCCS.

{¶ 4} In August 2010, Mother was arrested and charged with child endangering, and the children were placed with their maternal grandmother under a safety plan. Mother was convicted in September 2010, and was placed on community control. Pursuant to the safety plan, Mother was not to have unsupervised contact with the children. However, in February 2011, MCCS learned that the maternal grandmother had been allowing Mother to have unsupervised contact with the children. Also in February 2011, Mother gave birth to another child, whose custody is not at issue in this case. Based on these events, MCCS filed a motion for interim temporary custody of M.O. and E.O, which was granted on February 14, 2011.

{¶ 5} In March 2011, Mother filed a motion for legal custody, and the guardian ad

litem filed a motion that interim custody of the children be given to a maternal cousin. MCCS also filed a motion requesting that temporary custody be granted to MCCS or to the paternal grandparents. On July 21, 2011, the trial court granted temporary custody of M.O. and E.O. to their paternal grandparents.

{¶ 6}   In January 2012, MCCS moved for the first extension of temporary custody to the paternal grandparents or, in the alternative, to MCCS. The trial court granted the extension of temporary custody to the grandparents. In June 2012, MCCS filed a motion for a second extension of temporary custody, which was granted by the court in August 2012.

{¶ 7}   In January 2013, MCCS filed a motion to grant legal custody of M.O. and E.O. to their paternal grandparents or, in the alternative, to grant legal custody to Mother with protective supervision by MCCS. Father also filed a motion that custody be granted to the paternal grandparents. In September 2013, the trial court found that it was in the best interests of the children to continue temporary custody with the paternal grandparents, with further review by the court to occur in March 2014.

{¶ 8}   MCCS appeals from the trial court's September 2013 decision, which continued temporary custody of M.O. and E.O. and implicitly denied its motion that permanent legal custody be determined. Its assignment of error states:

> **The trial court violated R.C. 2151.415(D)(4) when it granted a third**
>
> **extension of temporary custody to the paternal grandparents.**

{¶ 9}   MCCS contends that R.C. 2151.415 and R.C. 2151.353 precluded the trial court from ordering a third extension of temporary custody in this case.

**{¶ 10}** R.C. 2151.353, related to the disposition of a dependent child, states:

(F) Any temporary custody order issued pursuant to division (A) of this section shall terminate one year after the earlier of the date on which the complaint in the case was filed or the child was first placed into shelter care, except that, upon the filing of a motion pursuant to section 2151.415 of the Revised Code, the temporary custody order shall continue and not terminate until the court issues a dispositional order under that section. In resolving the motion, the court shall not order an existing temporary custody order to continue beyond two years after the date on which the complaint was filed or the child was first placed into shelter care, whichever date is earlier, regardless of whether any extensions have been previously ordered pursuant to division (D) of section 2151.415 of the Revised Code.

**{¶ 11}** R.C. 2151.415(D) provides that a court may extend the temporary custody order of a child for an additional period of up to six months if it determines at the hearing, by clear and convincing evidence, that the additional extension is in the best interest of the child, that there has been substantial additional progress since the original extension of temporary custody in the case plan of the child, that there has been substantial additional progress since the original extension of temporary custody toward reunifying the child with one of the parents or otherwise permanently placing the child, and that there is reasonable cause to believe that the child will be reunified with one of the parents or otherwise placed in a permanent setting before the expiration of the additional extension period. However, R.C. 2151.415(D)(4) limits this provision, as follows:

No court shall grant an agency more than two extensions of temporary custody pursuant to division (D) of this section and the court shall not order an existing temporary custody order to continue beyond two years after the date on which the complaint was filed or the child was first placed into shelter care, whichever date is earlier, regardless of whether any extensions have been previously ordered pursuant to division (D) of this section.

{¶ 12} MCCS asserts that temporary custody of M.O. and E.O. began in July 2011, when the trial court granted temporary custody to the paternal grandparents.[1] The trial court granted six-month extensions in January and August, 2012. Thus, MCCS contends that the additional extension granted by the trial court in September 2013 was impermissible under both R.C. 2151.415(D) and R.C. 2151.353(F).

{¶ 13} We previously addressed this issue in *In re D.J.*, 2d Dist. Montgomery No. 21666, 2006-Ohio-6304. In *In re D.J.*, we held that the use of the word "shall" in R.C. 2151.415(D)(4) "'denotes that compliance with the commands of the statute is mandatory.' * * * Thus, we conclude that the statute clearly limits a grant of temporary custody to a period of two years – an initial period of one year, followed by up to two extensions of six months each." *Id.* at ¶ 13, quoting *Dept. of Liquor Control v. Sons of Italy Lodge 0917*, 65 Ohio St.3d 532, 534, 605 N.E.2d 368 (1992). We also found that the language of R.C. 2151.353

---

[1] R.C. 2151.415(D)(4) calculates the two-year period from "the date on which the complaint was filed or the child was first placed into shelter care." Similar language is contained in R.C. 2151.353(G)(1). "Shelter care" is defined as "the temporary care of children in physically unrestricted facilities, pending court adjudication or disposition." Juv.R. 2(MM). Although M.O. and E.O. were arguably placed in shelter care earlier than July 2011, they also returned to their mother's care under protective supervision for a significant period of time, and periods of protective supervision are addressed separately under the statutes. For purposes of this case, we accept MCCS's assertion that its temporary custody of the children began in July 2011 and that the limitations set forth in R.C. 2151.415(D)(4) and R.C. 2151.353(F) should be calculated from that time.

and R.C. 2151.415 was unambiguous and required no interpretation. We concluded that "temporary custody of children in the care of a children's services agency is limited to a period of two years, and * * * the trial court did not have the authority to grant a third extension of temporary custody." *Id.* at ¶ 15.

{¶ 14} The father and/or paternal grandparents argue only that it was in the best interest of the children to extend temporary custody, and they cite the factors relevant to a best interest determination, as set forth in R.C. 2151.414(D). There is no dispute that the children's best interest is paramount in legal custody determinations. However, the statutory procedures create safeguards intended to balance the fundamental rights of the parent with the state's authority to intervene to protect abused and neglected children. *In re C.T.*, 119 Ohio St.3d 494, 2008-Ohio-4570, 895 N.E.2d 527, ¶ 13. The trial court was required to abide by these procedures; it did not have authority to grant a third extension of custody or one that extended temporary custody beyond two years.

{¶ 15} The assignment of error is sustained.

{¶ 16} The judgment of the trial court will be reversed, and the matter will be remanded for consideration of MCCS's motion that legal custody of M.O. and E.O. be granted to the paternal grandparents or, in the alternative, to Mother with protective supervision by MCCS.

. . . . . . . . . .

FAIN, J. and WELBAUM, J., concur.

Copies mailed to:

Michele D. Phipps
Elizabeth C. Scott

Christy N. Oakes
Jennifer S. Getty
Hon. Nick Kuntz