[Cite as *In re D.M.*, 2019-Ohio-1497.]

# IN THE COURT OF APPEALS OF OHIO
# THIRD APPELLATE DISTRICT
# CRAWFORD COUNTY

IN RE:

    D.M.,

ADJUDGED NEGLECTED CHILD.

[DEBRA D. MORRISON - APPELLANT]

CASE NO. 3-18-06

**O P I N I O N**

Appeal from Crawford County Common Pleas Court
Juvenile Division
Trial Court No. F2175166

**Judgment Reversed and Cause Remanded**

**Date of Decision:  April 22, 2019**

APPEARANCES:

    *Brian N. Gernert* for Appellant

    *Michael J. Wiener* for Appellee

    *Adam Charles Stone* for Guardian Ad Litem

**WILLAMOWSKI, P.J.**

{**¶1**} Appellant Debra Morrison ("Morrison") brings this appeal from the judgment of the Court of Common Pleas of Crawford County, Juvenile Division, terminating her parental rights. Morrison claims on appeal that the evidence did not support the judgment of the trial court. For the reasons set forth below, this court reverses the judgment.

{**¶2**} Morrison gave birth to D.M. in June of 2006. CDoc. 1.[1] On September 19, 2016, the Crawford County Job and Family Services ("the Agency") filed a complaint alleging that D.M. was a neglected child and requesting temporary custody. *Id.* That same day, the trial court appointed Adam Stone as the guardian ad litem ("GAL") in this case. CDoc. 5. A hearing was held on the complaint on September 22, 2016. CDoc. 9. At the hearing the GAL and Morrison stipulated that there was probable cause to find that D.M. was a neglected child and temporary custody was granted to the Agency. *Id.*

{**¶3**} On October 17, 2016, a hearing was held. CDoc. 15. Morrison admitted to the allegations of the complaint and the trial court found that D.M. was a neglected child. *Id.* The trial court then granted temporary custody to the Agency. *Id.* The trial court also approved the case plan submitted at the hearing and adopted it as part of the dispositional order. *Id.* The case plan required Morrison to 1)

---

[1] Crawford County treats the motion for permanent custody as a separate case from the temporary custody case. The temporary custody motion was assigned case number C2165090. That docket will be identified as "CDoc." The case number for the permanent custody case is F2175166 and will be identified as "FDoc.".

complete a psychological evaluation, 2) obtain suitable source of income, and 3) obtain and maintain a hazard free home. *Id.* The Agency conducted a case plan review on March 13, 2017. CDoc. 23. The review indicated that Morrison had completed her psychological evaluation and was attending counseling sessions. *Id.* It also indicated that Morrison had found work in March of 2017. *Id.* However, Morrison had not obtained housing, so the Agency could not recommend reunification. *Id.*

{¶4} The Agency filed a motion for extension of the temporary custody order on September 5, 2017. CDoc. 24. The court then granted the motion. CDoc. 25. In doing so, the trial court found that there had been substantial progress on the case plan and that there was reasonable cause to believe that D.M. could be reunified with a parent. *Id.* The Agency filed a review which indicated that Morrison had been employed with one company since April 18, 2017, but had not yet obtained appropriate housing. CDoc. 27.

{¶5} On November 3, 2017, the GAL filed a motion for permanent custody. FDoc. 1.[2] Morrison filed a motion for an in camera interview of D.M. to determine what the child's wishes were.[3] CDoc. 28. On March 6, 2018, the Agency held a third semiannual review. CDoc. 33. The review noted that Morrison had obtained

---

[2] Although R.C. 2151.413 does not provide for the GAL to file a motion for permanent custody, the Ohio Supreme Court has held that a GAL can file the motion. *In re C.T.*, 119 Ohio St.3d 494, 2008-Ohio-4570, 895 N.E.2d 527.
[3] This motion was later withdrawn.

full-time employment on November 22, 2017, but was still lacking sufficient housing noting that she was residing in a motel in Bucyrus. *Id.* The review also indicated that Morrison was searching for "alternate housing options in cooperation with her case manager at Family Life Counseling." *Id.* A hearing was held on the motion for permanent custody on February 1, 2018. CDoc. 34. FDoc. 3. The trial court found that Morrison failed to obtain and maintain housing as was required by the case plan. *Id.* Based upon these findings, the trial court concluded that Morrison, in the sixteen months the case plan was in place, had failed to remedy the conditions causing the removal of D.M. from the home in violation of R.C. 2151.414(E)(1), and that the situation was not likely to improve in the near future. *Id.* The trial court then indicated that it had considered the factors set forth in R.C. 2151.414(D) and determined that granting the motion of permanent custody was in the best interest of D.M. *Id.* Morrison filed a timely notice of appeal from this judgment and raises the following assignments of error on appeal.

**First Assignment of Error**

> **Clear and convincing evidence did not exist to justify a finding under [R.C. 2151.414(E)(1)] that, notwithstanding reasonable case planning and diligent efforts by the Agency to assist the parents to remedy the problems that initially caused the child to be placed outside the home, [Morrison] has failed continuously and repeatedly to remedy the conditions causing the child to be placed outside the child's home.**

-4-

## Second Assignment of Error

**Clear and convincing evidence did not exist to justify a finding that it was in the best interests of the minor child to terminate parental rights and award permanent custody of the minor child to [the Agency].**

{¶6} Before this Court addresses either assignment of error, we must first address an issue raised sua sponte by this court and addressed by the parties in supplemental briefs. This Court noted that the GAL acted as the attorney and representative of D.M. even though the position of the GAL and the wishes of D.M. were in direct conflict. This raises the issue of whether D.M. was entitled to separate counsel.

{¶7} In *In re Williams*, the Supreme Court of Ohio addressed a similar situation. 101 Ohio St.3d 398, 2004-Ohio-1500, 805 N.E.2d 1110. A motion for permanent custody was filed and the GAL recommended that the parental rights of the minor should be terminated. The child repeatedly had expressed a desire to remain with his mother. The child in question was six years old at the time. The trial court granted the motion for permanent custody. On appeal, the Eleventh District Court of Appeals reversed the ruling of the trial court finding that since the GAL's recommendation conflicted with that of the child, the child's interests had not been represented at the hearing, thus denying him due process. On remand, the trial court appointed an attorney for the child for the limited purpose of filing a response to the motion for permanent custody. The trial court then found no need

to appoint counsel to represent the child and reinstated its prior decision. *Id*. at ¶ 7. A second appeal followed and the appellate court again reversed the decision. The appellate court determined that the child was entitled to counsel and that the appointment for a limited purpose was insufficient. *Id*. at ¶ 8. The case was found to be in conflict with one from the second district and was certified for review by the Supreme Court of Ohio. *Id*. at ¶ 9.

{¶8} The issue before the Supreme Court was "[w]hether children who are the subject of a motion to terminate parental rights are 'parties' to that proceeding for the purposes of Juv.R. 4(A) and R.C. 2151.352, requiring the appointment of counsel." *Id*. at ¶ 10. The Court noted that it had previously held that the duty of a GAL to recommend what the GAL believes to be in the best interest of the child and the duty of an attorney to provide zealous representation may be in direct conflict if the child's wishes do not match the recommendation. *Id*. at ¶ 18 (citing *In re Baby Girl Baxter*, 17 Ohio St.3d 229, 470 N.E.2d 257 (1985)). The Court held that "pursuant to R.C. 2151.352, as clarified by Juv.R. 4(A) and Juv.R. 2(Y), a child who is the subject of a juvenile court proceeding to terminate parental rights is a party to that proceeding and, therefore, is entitled to independent counsel in certain circumstances. *Id*. at ¶ 29. However, the Court did caution that this rule must be applied on a case-by-case basis "taking into account the maturity of the child and the possibility of the guardian ad litem being appointed to represent the child." *Williams, supra* at ¶ 17 (noting that in some situations a dual guardian ad

litem/attorney appointment can be made). The Court's holding in *Williams* does not mandate that a child must always have independent counsel in a juvenile court proceeding to terminate parental rights.

**{¶9}** This Court has also addressed this issue. In *In re B.P.*, the GAL recommended that the parental rights be terminated as to all three children. 3d Dist. Hancock Nos. 5-11-33, 5-11-34, 5-11-35, 2012-Ohio-1278. Two of the children were too young to express their wishes, but the oldest child indicated he wished to return to his parents. Due to the conflict between the recommendation of the GAL and the wishes of the child, the eldest child was appointed independent counsel to represent him during the proceedings. In addressing the assignment of error, this court noted that although the GAL can act as the attorney for the child, in certain situations the GAL may not do so. *Id.* at ¶ 48. This Court recognized the situation of when a GAL's recommendation conflicts with the wishes of the child to be one in which the child is entitled to independent counsel to represent those wishes. *Id.*

**{¶10}** Other districts have also addressed this type of situation and determined that a trial court ordinarily should appoint independent counsel for a child when "certain circumstances" are found. *Matter of B.J.L.*, 4th Dist. Washington Nos. 18CA14, 18CA15, 18CA16, 2019-Ohio-555, ¶ 46. One of these circumstances is "when the child has consistently and repeatedly expressed a strong desire that differs and is otherwise inconsistent with the guardian ad litem's recommendations." *In re V.L.*, 12th Dist. Butler No. CA2016-03-045, 2016-Ohio-

4898, ¶ 39. *See also*, *Matter of B.J.L., supra; In re B.K.,* 12th Dist. Butler No. CA2010-12-324, 2011-Ohio-4470. "However, a trial court generally need not 'consider the appointment of counsel based upon a child's occasional expression of a wish to be with a parent or because of a statement made by an immature child.'" *Matter of B.J.L., supra* at ¶ 48 quoting *In re N.P.*, 11th Dist. Lake Nos. 2016-L-002, 2016-L-003, 2016-Ohio 3125, 65 N.E.2d 319.

{¶11} In this case, the critical factor is that the GAL not only recommended the termination of Morrison's parental rights, but actually *filed* the motion for permanent custody to achieve that end. No independent counsel was appointed to represent D.M. in this matter. D.M. was over 11 ½ years of age at the time of the permanent hearing. The trial court found that it understood the wishes of D.M. because the GAL had testified to what they were. The GAL testified that D.M. wished to return to his mother. The facts of this case show a clear conflict between the GAL's role in representing the best interest of the child while also acting as the attorney prosecuting the motion in contradiction to the unequivocal, repeated wishes of an eleven-year old D.M. D.M., as a party to the case, had clearly and repeatedly expressed that he wanted to be reunited with Morrison. These facts are the precise circumstances that concerned the Supreme Court in *Williams*. Due to the apparent lack of due process provided to D.M. as a party to these proceedings, the matter must be remanded to the trial court for a new hearing in which D.M. is represented by independent counsel.

**{¶12}** Having determined that there was prejudicial error in the proceedings, the assignments of error regarding whether the termination of parental rights was supported by the evidence and whether the evidence was sufficient to determine that said termination of parental rights was in the child's best interest are moot and need not be addressed by this court at this time.  App.R. 12(A)(1)(c).

**{¶13}** For the reasons set forth above, the judgment of the Court of Common Pleas of Crawford County, Juvenile Division is reversed and the matter is remanded for further proceedings in accord with this opinion.

*Judgment Reversed*
*And Remanded*

**SHAW and PRESTON, J.J., concur.**

**/hls**