DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas, Juvenile Division, that ordered appellees/cross-appellants' children to remain in the *Page 2 
temporary custody of Lucas County Children Services. For the following reasons, the judgment of the trial court is reversed.
 {¶ 2} The undisputed facts relevant to the issues raised on appeal are as follows. Appellee/cross-appellant Angelica S. is the mother of the six children who are the subject of this appeal. Appellee/cross-appellant Cornelio V. is the father of four of the children: Julian, Jacob, Dominic and Cinya. Paternity has not been established as to Cescelie and Ceaira.
 {¶ 3} On April 28, 2004, appellant Lucas County Children Services ("LCCS") filed a complaint in dependency and neglect regarding Julian, Jacob, Cescelie and Dominic. Temporary custody was awarded to LCCS for placement in shelter care. On June 23, 2004, the four children were found to be neglected and temporary custody was awarded to LCCS. Case plans addressing the issues of domestic violence, substance abuse, parenting, visitation and case management services were filed and approved with the goal of reunification.
 {¶ 4} Ceaira was born in January 2005, but the agency did not file a complaint for custody at that time because mother was making progress on her case plan services. Six days after Ceaira's birth, the agency filed a motion to return legal custody of the children to their mother with protective supervision. On February 7, 2005, however, the agency discovered mother to be in violation of her safety plan when the caseworker found father in the home with mother and the children. As a result, on February 9, 2005, LCCS filed a motion for permanent custody as to the oldest four children and a complaint *Page 3 
in dependency and neglect requesting permanent custody of Ceaira. On August 22, 2005, however, the agency filed a motion to amend the prayer in Ceaira's case to temporary custody and to amend its motion for permanent custody of the four older children to a request for temporary custody. On December 21, 2005, the agency filed a motion to extend temporary custody of all five children. Then, on May 8, 2006, the agency again filed motions for permanent custody of all five children.
 {¶ 5} A sixth child, Cinya S., was born to appellees/cross-appellants in August 2006. Two days after her birth, the agency filed a complaint in dependency requesting an award of original permanent custody as to Cinya. Thereafter, the trial court granted the agency's motion to consolidate the disposition in the cases of the five older children with the adjudication/disposition of Cinya's case so that all evidence could be heard together.
 {¶ 6} On January 23, 2007, LCCS filed a motion to dismiss the permanent custody motions as to all of the children and award legal custody to mother with protective supervision to the agency. The agency also orally moved to dismiss the complaint in Cinya's case. At a hearing held February 6, 2007, the trial court granted the agency's motion to dismiss the motions for permanent custody. The trial court continued the matter for a hearing on the agency's motion requesting that legal custody be returned to mother.
 {¶ 7} A consolidated hearing was held on March 9, 2007. In support of its motion to return legal custody to mother, LCCS explained that the agency felt that awarding legal custody to mother was appropriate because she had complied with her *Page 4 
case plan and had done well in all of the services. The court heard testimony from the family's LCCS caseworker, a psychiatrist who assessed and worked with two of the older children, and two therapists who had been working with the three oldest children since 2005.
 {¶ 8} On March 28, 2007, the trial court filed a judgment entry in which it denied the agency's motion requesting that legal custody of the children be returned to mother. The trial court ordered that the six children remain in their current foster home in the temporary custody of LCCS pending further orders by the court. It is from that judgment that LCCS, mother Angelica S. and father Cornelio V. appeal.
 {¶ 9} This appeal is unusual in that LCCS and both parents disagree with the trial court's decision for the same reasons. In support of its appeal, LCCS sets forth three assignments of error. Appellees/cross-appellants mother and father set forth the same three assignments of error and, in support, state that they "join in the argument propounded by the Appellant, LCCS * * *." Accordingly, the assignments of error will be considered together. The assignments of error are as follows:
 {¶ 10} "I. The Lucas County Court of Common Pleas, Juvenile Division, was without jurisdiction to extend the temporary custody of five of the children in this case.
 {¶ 11} "II. The trial court lacked jurisdiction to `continue Cinya in the temporary custody of LCCS' because the child had never been in the temporary custody of LCCS and there had never been a prior and timely adjudication. *Page 5 
 {¶ 12} "III. The trial court's order denying LCCS' motion for legal custody to the mother was against the manifest weight of the evidence."
 {¶ 13} The parties' first assignment of error asserts that the trial court had no authority to grant a further extension of temporary custody of Julian, Jacob, Cescelie, Dominic and Ceaira to LCCS in March 2007 because, by that time, the five children had been in the temporary custody of the agency longer than the two years permitted by statute. As summarized above, LCCS initially obtained temporary custody of Julian, Jacob, Cescelie and Dominic in April 2004. The agency obtained temporary custody of Ceaira in February 2005, one month after her birth. At the time of the hearing in March 2007, the four older children had been in the agency's temporary custody for over 35 months; Ceaira for over 25 months.
 {¶ 14} R.C. 2151.353(F) provides that a children services agency may take temporary custody of a dependent child for a period of one year unless an extension of that custody is granted. R.C. 2151.415(D)(1) permits a trial court to grant an extension of temporary custody of up to six months. However, R.C. 2151.415(D)(4) states that "no court shall grant an agency more than two extensions of temporary custody * * *."
 {¶ 15} The statutes cited herein clearly limit a grant of temporary custody to a period of two years — an initial period of one year, followed by up to two extensions of six months each. Based on the facts of this case as set forth above, we therefore find that the trial court did not have the authority, following the hearing held March 9, 2007, to order Julian, Jacob, Cescelie, Dominic and Ceaira to remain in the temporary custody of *Page 6 
Lucas County Children Services. Accordingly, appellant's first assignment of error and appellees/cross-appellants' first assignment of error are well-taken.
 {¶ 16} In their second assignment of error, the parties assert that Cinya's case was over-age and the trial court lacked jurisdiction to continue her in the temporary custody of LCCS.
 {¶ 17} As summarized above, Cinya was committed to the interim temporary custody of LCCS on November 22, 2006, after the agency filed a complaint requesting permanent custody. However, no adjudication hearing was held in Cinya's case between that date and the final dispositional hearing on March 9, 2007.
 {¶ 18} R.C. 2151.35(B)(1) provides that the dispositional hearing shall not be held more than 90 days after the date on which the complaint in the case was filed. In this case, the hearing took place 107 days after LCCS filed the complaint. Further, the statute provides that if the dispositional hearing is not held within the required time, "* * * the court on its own motion or the motion of any party or the guardian ad litem of the child, shall dismiss the complaint without prejudice." (Emphasis added.) "It is axiomatic that when it is used in a statute, the word `shall' denotes that compliance with the commands of that statute is mandatory." Dept. of Liquor Control v. Sons of ItalyLodge (1992), 65 Ohio St.3d 532, 534, 1992-Ohio-17.
 {¶ 19} LCCS chose not to refile Cinya's case. The agency filed a written motion to dismiss the case on January 23, 2007, and also made an oral motion to dismiss Cinya's case at the final hearing. The agency advised the court at the hearing that the case was *Page 7 
more than 90 days old and had not been adjudicated. However, the trial court declined to rule on the agency's motion to dismiss.
 {¶ 20} Upon consideration of the foregoing, we find that the trial court was required to grant the agency's motion to dismiss Cinya's complaint. Accordingly, appellant's second assignment of error and appellees/cross-appellants' second assignment of error are well-taken.
 {¶ 21} As their third assignment of error, the parties assert that the trial court's order denying the agency's motion for legal custody to mother was against the manifest weight of the evidence. However, in light of our findings as to the parties' first and second assignments of error, we find that their third assignment of error is moot.
 {¶ 22} Appellees/cross-appellants mother and father set forth the following three additional assignments of error concerning Cinya's case:
 {¶ 23} "IV. The trial court abused its discretion by awarding the temporary custody of Cinya to LCCS without conducting an adjudication hearing or making a finding of dependency, neglect or abuse as required by Juvenile Rule 29.
 {¶ 24} "V. The trial court violated the Due Process and Equal Protection clauses of the United States and Ohio Constitutions by awarding temporary custody of Cinya to LCCS.
 {¶ 25} "VI. The evidence before the court was insufficient to support a finding that Cinya was dependent, so that holding her away from her parents in any form of custody as unjustified." *Page 8 
 {¶ 26} Appellees/cross-appellants' fourth, fifth and sixth assignments of error are rendered moot in light of our findings that the trial court did not have jurisdiction to award temporary custody of the six children to LCCS.
 {¶ 27} On consideration whereof, this court finds that substantial justice was not done the parties complaining and the judgment of the Lucas County Court of Common Pleas, Juvenile Division, is reversed and remanded to the trial court for further proceedings consistent with this decision. Due to the unusual circumstances of this appeal wherein all parties have joined to reverse the trial court's decision, court costs for all parties are waived. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Peter M. Handwork, J., William J. Skow, J., Thomas J. Osowik, J., CONCUR. *Page 1