[Cite as *In re H.S.*, 2022-Ohio-1478.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

IN RE: H.S.
    Z.M.
    I.M.
    P.S.

C.A. No.     30154

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE Nos.    DN 15 09 0611
               DN 15 09 0612
               DN 15 09 0613
               DN 16 11 0955

DECISION AND JOURNAL ENTRY

Dated: May 4, 2022

HENSAL, Presiding Judge.

{¶1} Appellant, D.S. ("Mother"), appeals from a September 2021 judgment of the Summit County Court of Common Pleas, Juvenile Division, that terminated her parental rights and placed her four minor children in the permanent custody of Summit County Children Services Board ("CSB"). This Court affirms.

I.

{¶2} Because Mother has not challenged the substantive merits of the trial court's judgment, this Court will focus primarily on the procedural facts relevant to her appeal. Mother is the biological mother of H.S., born March 11, 2010; Z.M., born October 22, 2013; I.M., born April 28, 2015; and P.S., born November 3, 2016. The children's fathers did not appeal from the September 2021 permanent custody judgment.

{¶3} This case began with the filing of dependency complaints pertaining to the three oldest children on September 10, 2015. The youngest child, P.S., was born less than two months later and was immediately removed from Mother's custody. P.S. was later adjudicated dependent and placed in the temporary custody of CSB.

{¶4} The trial court placed these four children in the permanent custody of CSB during 2018 and, after a reversal on appeal, the court again placed them in the permanent custody of CSB during 2019. *See In re H.S.*, 9th Dist. Summit Nos. 28944 and 28948, 2018-Ohio-3360; *In re H.S.*, 9th Dist. Summit No. 29401, 2019-Ohio-4334. This Court reversed both the 2018 and 2019 permanent custody judgments because CSB had failed to provide the parents with reunification services that had been ordered by the trial court. *In re H.S.*, 2018-Ohio-3360, at ¶ 24, 26; *In re H.S.*, 2019-Ohio-4334, at ¶ 24, 26. Specifically, CSB had not provided the parents with a reasonable period of intensive parenting instruction that was designed to address their cognitive impairments. 2018-Ohio-3360 at ¶ 24; 2019-Ohio-4334 at ¶ 23.

{¶5} When this Court reversed the 2019 permanent custody judgment on October 23, 2019, the matter was remanded to the trial court. *In re H.S.*, 2019-Ohio-4334, at ¶ 26. On remand, CSB filed an amended case plan to provide the parents with additional reunification efforts. The trial court also issued an order following a status hearing that CSB provide the parents with in-home intensive parenting classes and joint counseling with the children. On July 31, 2020, pursuant to a motion filed by CSB, the trial court returned the children to the legal custody of Mother and the father of the three youngest children. CSB maintained protective supervision and the parents continued to receive intensive parenting classes in their home with the children.

{¶6} On September 24, 2020, CSB moved to have the children removed from the home because the parents were not cooperating with CSB or service providers; the home and the children

were filthy; and the parents had been neglecting the children's emotional and other basic needs. The same day, the trial court issued an ex parte order placing the children in the emergency temporary custody of CSB.

{¶7} On December 23, 2020, before the case had proceeded to a dispositional hearing on CSB's motion for temporary custody, CSB again moved for permanent custody of H.S., Z.M., I.M., and P.S. Following an evidentiary hearing, the trial court terminated all parental rights and placed the four children in the permanent custody of CSB. Mother appeals and raises one assignment of error.

## II.

## **ASSIGNMENT OF ERROR**

THE TRIAL COURT COMMITTED REVERSIBLE ERROR, PLAIN ERROR, AND VIOLATED THE MOTHER'S RIGHT TO DUE PROCESS IN NOT DISMISSING THE CASE WITHOUT PREJUDICE, OR IN THE ALTERNATIVE, IN NOT TERMINATING [CSB'S] TEMPORARY CUSTODY OF THE CHILDREN.

{¶8} Mother does not challenge the weight of the evidence supporting the trial court's permanent custody decision. Instead, her sole assignment of error is that the trial court violated the terms of Revised Code Sections 2151.353(G) and 2151.415(D)(4), and, for that reason, the court was required to dismiss the case or terminate temporary custody.

{¶9} Section 2151.353(G) provides, in relevant part:

Any temporary custody order issued pursuant to division (A) of this section shall terminate one year after the earlier of the date on which the complaint in the case was filed or the child was first placed into shelter care, except that, upon the filing of a [dispositional] motion * * * , the temporary custody order shall continue and not terminate until the court issues a dispositional order under that section. In resolving the motion, *the court shall not order an existing temporary custody order to continue beyond two years after the date on which the complaint was filed or the child was first placed into shelter care, whichever date is earlier*[.]

(Emphasis added.); *see also* R.C. 2151.415(D)(4) (including an identical two-year time limitation on trial court orders extending temporary custody).

{¶10} Relying on the emphasized language that "the court shall not order an existing temporary custody order" to extend beyond two years after the complaint was filed, Mother asserts that the trial court violated Sections 2151.353(G) and 2151.415(D)(4) because the children in this case remained in CSB's custody for more than two years after the complaints were filed. Mother explicitly "acknowledge[s] that this Court has rejected this exact same argument on previous occasions[.]" Most recently, this Court addressed the argument raised by the father of three of Mother's children in the 2019 permanent custody appeal.

{¶11} In rejecting the father's argument that the trial court had violated the statutory time limit on extending temporary custody orders, this Court explained that it had rejected similar arguments in the past. *In re H.S.*, 2019-Ohio-4334, ¶ 10, citing *In re T.H.*, 9th Dist. Summit No. 28833, 2018-Ohio-1143, ¶ 7-9; and *In re K.T.*, 9th Dist. Summit Nos. 28411, 28424, 28427, and 28440, 2017-Ohio-2638, ¶ 13-16. Each of those appeals, including the prior appeal in this case, involved a prolonged period of temporary custody because there had been a prior appeal by one or more of the parents, not because the trial court had ordered extensions of temporary custody for more than two years. *See id.* Following remands by this Court, temporary custody continued by operation of law, not because the trial court had "order[ed] an existing temporary custody order" to continue beyond the two-year time limit. *Id.* This Court has consistently held that, based on the plain language of Section 2151.415(D)(4), a violation of the statutory time limits requires "an express order by the juvenile court extending or continuing temporary custody[.]" *In re H.S.*, 2019-Ohio-4334, at ¶ 11, citing *In re K.T.* at ¶ 16.

{¶12} In the current appeal, Mother has asked this Court to "reconsider and reexamine those prior decisions." Presumably, Mother's appellate counsel is asserting that this Court should reach a different result in this appeal and find that the trial court violated the statutory time limits. Mother points to nothing in the record following the most recent remand by this Court, however, to distinguish the legally relevant facts of this appeal from those in the 2019 appeal. In other words, Mother does not argue that, following the 2019 remand, the trial court did issue an express order or orders to extend temporary custody beyond the statutory two-year period.

{¶13} Instead, Mother argues that this Court's prior legal precedent on this issue is incorrect and that a different legal standard should be applied in this appeal. Mother has failed to explain, however, why this argument is not precluded by the law of the case doctrine, as this Court explicitly addressed the same issue in the 2019 appeal in this juvenile case. "The law-of-the-case doctrine provides that legal questions resolved by a reviewing court in a prior appeal remain the law of that case for any subsequent proceedings at both the trial and appellate levels." *Farmers State Bank v. Sponaugle*, 157 Ohio St.3d 151, 2019-Ohio-2518, ¶ 22. Presented with the same legal issue and no argument about legally distinguishable facts during the most recent remand, our determination of this legal issue in the 2019 appeal is the law of the case. *See id*. at ¶ 23.

{¶14} Moreover, to the extent that Mother bases part of her argument on a purported "conflict between the appellate districts on this precise issue[,]" she has failed to demonstrate any conflict. The cases cited by Mother involved the question of whether a trial court violates the statutory two-year limit by explicitly ordering a third extension of temporary custody, beyond the two-year period. *See*, *e.g*., *In re Z.S*., 2d Dist. Montgomery No. 25986, 2014-Ohio-3748, ¶ 23, citing *In re D.J*., 2d Dist. Montgomery No. 21666, 2006-Ohio-6304, ¶ 12-15; *In re M.O*., 2d Dist. Montgomery No. 25965, 2014-Ohio-3060, ¶ 13; *In re Julian V*., 6th Dist. Lucas Nos. L-07-1132,

L-07-1144, L-07-1133, L-07-1145, L-07-1134, and L-07-1146, 2008-Ohio-978, ¶ 15. None of those judgments conflict with this Court's prior decisions on this issue.

{¶15} Because Mother has not demonstrated a violation of Sections 2151.353(G) and 2151.415(D)(4), this Court will not address the second prong of her argument about whether a violation would have deprived the trial court of authority to proceed with the final disposition of these children. *See*, *e.g.*, *In re K.M.*, 159 Ohio St.3d 544, 2020-Ohio-995, ¶ 17-25 (examining when the statutory word "shall" is mandatory or directional). Mother's assignment of error is overruled.

III.

{¶16} Mother's assignment of error is overruled. The judgment of the Summit County Court of Common Peas, Juvenile Division, is affirmed.

Judgment affirmed.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JENNIFER HENSAL
FOR THE COURT

CARR, J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

NEIL P. AGARWAL, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN R. DIMARTINO, Assistant Prosecuting Attorney, for Appellee.

BARBARA ROGACHEFSKY, Attorney at Law, for Appellee.

BETH BLACKMORE, Attorney at Law, for H.S.

JOSEPH KERNAN, Guardian ad Litem.